# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEREMY PINSON, | : | |
| Plaintiff, | : | Civil Action No.: 12-1872 (RC) |
| v. | : | Re Doc. No.: 102 |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### TRANSFERRING PLAINTIFF'S PRELIMINARY INJUNCTION AND PRIVACY ACT CLAIM TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

## I. INTRODUCTION

This action is before the Court on Plaintiff Jeremy Pinson's ("Plaintiff") August 15, 2014, Motion for Preliminary Injunction ("preliminary injunction"), which seeks to enjoin the United States Department of Justice ("DOJ") from sharing Plaintiff's inmate records in violation of 5 U.S.C. § 552a ("Privacy Act"). The preliminary injunction stems from an original complaint filed with this Court on November 15, 2012, and subsequently amended[1] to include other federal agencies and employees involved in the administration of the federal prison system. The operative complaint was brought pursuant to 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"), the Privacy Act, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* ("*Bivens*").[2]

---

[1] Following Plaintiff's November 15, 2012, complaint, Plaintiff filed an amended complaint on December 6, 2012; a second amended complaint on January 11, 2013; and a corrected second amended complaint on October 24, 2013 ("complaint"), which serves as the operative complaint.

[2] 403 U.S. 388 (1971) (recognizing that the 4th Amendment provides a right of action against federal officials brought in the official's individual capacity).

The preliminary injunction at issue here focuses on events allegedly occurring at a United States Penitentiary ("USP") Administrative Maximum Facility in Florence, Colorado ("ADX Florence"), where Plaintiff is currently incarcerated. Plaintiff asks the Court to enjoin "DOJ from allowing its employees [at ADX Florence] to violate [P]laintiff's Privacy Act rights[]" by disseminating inmate records. *See* Pl.'s Prelim. Inj. at 1–2, ECF No. 102. Plaintiff alleges that he is under constant threat of harm from other inmates because these records detail complaints filed with prison investigators pursuant to 42 U.S.C.A. § 15601, *et seq.*, the Prison Rape Elimination Act ("PREA"), which identify Plaintiff as an informant. *See id*. at 1–3. In opposition, Defendant DOJ asks the Court to sever the preliminary injunction from Plaintiff's earlier claims[3] because 1) the claims are not logically related nor do they share common questions of law or fact, and 2) the District Court of Colorado is a more appropriate venue given Plaintiff's incarceration in the state, the location of witnesses and records, and other efficiency factors. *See* Defs.' Opp. Prelim. Inj. at 1–2, 5–9, ECF No. 105.

For the reasons detailed below, the Court denies Defendant DOJ's request to dismiss the preliminary injunction. Pursuant to Rule 21, however, the Court grants Defendant's request to sever the preliminary injunction and *sua sponte* severs Plaintiff's Privacy Act claim, transferring both to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1404(a). Plaintiff's FOIA claim, however, will remain before this Court as a separate action, pursuant to 5 U.S.C. § 552(a)(4)(B); similarly, Plaintiff's *Bivens* claim will remain before this Court because the transferee district may lack personal jurisdiction over Defendants. *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division

---

[3] Defendants, in the alternative, ask the Court to deny the preliminary injunction because Plaintiff failed to exhaust administrative remedies and his inability to show a likelihood of success on the merits. *See* Defs.' Opp. Prelim. Inj. at 2, ECF No. 105. Because the Court elects to sever the motion pursuant to Rule 21, these arguments are not considered here.

*where it might have been brought . . . .*") (emphasis added); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983) (determining that section 1404(a) expressly requires that venue in the transferee court be proper) (discussing *Hoffman v. Blaski*, 363 U.S. 335 (1960)).

## II. BACKGROUND

Parties named in Plaintiff's complaint include DOJ, Charles E. Samuels, Jr. ("Samuels"), Director of the Federal Bureau of Prisons ("BOP"), and John Dignam ("Dignam"), Chief of the Office of Internal Affairs at BOP. Samuels and Dignam are named in both their official and individual capacities. The complaint alleges that: i) DOJ and its components violated FOIA by refusing to produce information in response to a range of requests submitted by Plaintiff; ii) Defendants Samuels, Dignam, and BOP and its employees at both ADX Florence and the Federal Correctional Institution in Talladega, Alabama ("FCI Talladega") violated the Privacy Act by: a) entering false information into Plaintiff's internal files; b) refusing to remove such information upon request by Plaintiff; and c) allowing other personal information in Plaintiff's records to be disseminated to inmates at ADX Florence without Plaintiff's consent; and finally iii) Defendants BOP, Samuels, and Dignam violated Plaintiff's Constitutional rights[4] in retaliation for Plaintiff's participation in litigation against BOP, criticism of BOP online, and continued contact with media sources.[5] In response, Defendant DOJ filed a range of pre-answer

---

[4] Plaintiff's January 11, 2013 second amended complaint alleged violations of the 1st and 8th Amendments; specifically, that unnamed Defendants: i) failed to separate Plaintiff from the general prison population after he cooperated with law enforcement, and ii) conducted systematic harassment, including denying access to legal documents and mail service, and filing false disciplinary reports. *See* Pl.'s 2d Am. Compl. ¶¶ 4, 28–35, ECF No. 5. Subsequent filings, however, did not identify specific sections of the Constitution but instead named Defendants Samuels and Dignam in their individual capacities, pursuant to *Bivens*. *See* Pl.'s Corrected 2d Am. Compl. at 2, 13–16, ECF No. 32.

[5] Plaintiff's complaint alleges that Samuels instructed BOP employees at ADX Florence to "'convince' [him] to quit filing lawsuits and contacting the news media[]" through a campaign of

motions on the various portions of Plaintiff's claims, requesting that the Court either dismiss Plaintiff's claims or grant summary judgment in its favor.

### III. SEVERING PLAINTIFF'S CLAIMS

Before electing to transfer a claim,[6] the court must first sever the relevant claims into separate cases, so that one may be transferred in its entirety. *See Spaeth v. Michigan State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 57 n.13 (D.D.C. 2012) (severing claims prior to transferring, per § 1404(a)); *Abuhouran v. Nicklin*, 764 F. Supp. 2d 130, 132 (D.D.C. 2011) ("[B]ecause § 1406(a) contemplates the transfer of a 'case,' . . . the claims must first be severed into separate cases . . . ."); *accord Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir. 1968) (recognizing that claims must first be severed into separate actions prior to being transferred or retained under § 1404(a)). For the reasons discussed below, the Court i) severs Plaintiff's preliminary injunction because it involves factual events distinct from those forming the basis of the complaint, and ii) severs Plaintiff's Privacy Act claim because it is wholly unrelated to his FOIA claim.

### A. Legal Standard

The court is entitled to sever any claim against a party, either in response to a motion or *sua sponte*, and to proceed with each separately.[7] *See* Fed. R. Civ. P. 21;[8] *see, e.g.*, *Davidson v.*

---

harassment, including searches, deprivation of meals, threats, and restricting mail service. *See* Pl.'s Corrected 2d Am. Compl. at 15–16, ECF No. 32; *see also* Pl.'s 2d Am. Compl. ¶ 35, ECF No. 5.

[6] *See* note 15, *infra*.

[7] It is important to distinguish between claims severed under Rule 21 and trials separated pursuant to Rule 42(b); separated trials generally result in one judgment, whereas severed claims become entirely independent actions moving forward. *See* Fed. R. Civ. P. 42(b); *see, e.g.*, *Lucas v. Barreto*, 2005 WL 607923, at *2 (D.D.C. Mar. 16, 2005); *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001); 9A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2387 (3d ed. 1998).

4

*D.C.*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010); *Lucas v. Barreto*, 2005 WL 607923, at *2 (D.D.C. Mar. 16, 2005); 21 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1689 (3d ed. 1998) ("[A]lthough the primary significance of Rule 21 is in the context of joinder of parties, it does have an effect on the joinder of claims."). In determining whether to join or sever claims, courts employ the permissive joinder requirements articulated in Rule 20(a), which permits claims to be joined if: 1) the claims arise from the same transaction or occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all plaintiffs arose in the action. *See* Fed. R. Civ. P. 20(a);[9] *see also Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008); *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10–11 (D.D.C. 2004). Even if the requirements of Rule 20(a) are met, the final decision to sever claims remains with the court. *See M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002) ("The determination of a motion to sever is within the discretion of the trial court.") (citation omitted).

First, to satisfy the "same transaction or occurrence" prong of Rule 20(a), the claims must be logically related. *See Davidson v. D.C.*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) ("'[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.'") (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). This logical relationship test must remain flexible because "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Disparte*, 223

---

[8] The Rule reads in relevant part: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also *sever any claim against a party*." Fed. R. Civ. P. 21 (emphasis added).

[9] The Rule reads in relevant part: "Plaintiffs . . . may join in one action as plaintiffs if . . . they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A–B).

F.R.D. at 10 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). The movant, however, cannot join parties "who simply engaged in similar types of behavior . . . [but are] otherwise unrelated; some allegation of concerted action . . . is required." *Spaeth v. Mich. State Univ. College of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012) (citation omitted). The second prong of Rule 20(a) "requires only that there be some common question of law or fact as to all of the plaintiffs' claims, not that all legal and factual issues be common to all the plaintiffs." *Disparte*, 22d F.R.D. at 11 (citing *Mosley*, 497 F.2d at 1334). In deciding to sever claims, however, the court should consider whether the decision risks prejudicing a party or causing undue delay. *See Davidson*, 736 F. Supp. 2d at 120 (citing *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002) (internal citation omitted)); *see also Disparte*, 223 F.R.D. at 12 (recognizing that in applying Rule 20(a), the court should avoid prejudicing the parties or confusing the jury) (citation omitted).

### B. Analysis

Defendants ask the Court to sever the preliminary injunction from Plaintiff's broader claims because the two are not logically related, nor are they governed by common questions of law or fact. *See* Defs.' Opp. Prelim. Inj. at 6, ECF No. 105. Citing Rule 20(a), Defendants argue that the claims are "separated by time, distance, and circumstances [and] [o]ther than the fact that they both arise under the Privacy Act, Plaintiff has 'offered nothing to suggest the claims are logically related in any way.'" *Id*. (citation omitted). Defendants claim that whereas the complaint alleges a pattern of retaliation and the inclusion of false information into files at FCI Talladega, the preliminary injunction focuses on the dissemination of records at ADX Florence, thereby indicating that Plaintiff is pursuing "separate [legal] theories unlikely to present common questions of law or fact." *Id*. at 6–7.

Plaintiff's reply argues that Rule 20 and 21 are inapplicable here because the two are "meant to be used in evaluating a complaint, not . . . factual assertion[s] raised in later motions." Pl.'s Rep. Opp'n Prelim. Inj. at 2, ECF No. 107.  Plaintiff claims that Rule 15(d)[10] permits "supplemental factual allegations" for "matters occurring after the original complaint is filed." *Id*. (citation omitted).  Thus, the allegations raised in the preliminary injunction "involving [D]efendants are properly raised in this supplemental pleading." *Id*. at 3.  Finally, Plaintiff disagrees that all actions at issue in the preliminary injunction occurred in Colorado because complaints[11] were forwarded to Defendant Dignam in Washington, DC, and "subsequent investigations were directed by [Dignam] from DC." *Id*.

The allegations which form the basis for the preliminary injunction involve distinct factual events from those detailed in the complaint.  *See Davidson v. D.C.*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010) (citation omitted); *Battle v. D.C.*, 2009 WL 6496484, at *1 (D.D.C. Apr. 29, 2009) ("A review of the complaint . . . reveals that each . . . claim is based on an entirely different set of facts.").  Whereas the complaint asserts a range of FOIA violations set against allegations of a pattern of retaliation, the preliminary injunction focuses solely on the dissemination of unrelated records at ADX Florence.  *Compare* Pl.'s Corrected 2d Am. Compl. at 2–16, ECF No. 32, *with* Pl.'s Prelim. Inj. at 2, ECF No. 102.  The problem, therefore, is an absence of facts in the preliminary injunction that would support a linkage to the facts pled in the

---

[10] Rule 15(d) reads in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court notes, however, that Plaintiff has not amended his complaint pursuant to Rule 15.

[11] To support the claim that the allegations at issue in the preliminary injunction did not take place solely in Colorado, Plaintiff submits to evidence a redacted complaint form that was forwarded to Defendant Dignam on May 13, 2005, and a response letter from the Denver office of DOJ's Office of the Inspector General, dated June 10, 2013, informing Plaintiff that his complaint of alleged threats of retaliation by an ADX Florence lieutenant would be forwarded to Defendant Dignam.  *See* Pl.'s Rep. Opp'n Prelim. Inj., Ex. 1, Attach. C, H, ECF No. 107.

complaint. *See Battle*, 2009 WL 6496484, at *2 (failing to state facts showing a logical relationship between claims does not satisfy Rule 20(a)).

Furthermore, Plaintiff's Privacy Act claim is improperly joined because it bears no logical relation to the FOIA claim, nor do the two share common issues of law or fact. *See* Fed. R. Civ. P. 20(a); *see also Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008); *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004). Although the complaint provides a detailed inventory of Plaintiff's various FOIA requests, whether DOJ or its components properly searched and disclosed records pursuant to these requests is a matter wholly distinct from the alleged actions of Defendants Samuels, Dignam, or BOP staff at either FCI Talladega or ADX Florence. *See Abuhouran v. Nicklin*, 764 F. Supp. 2d 130, 133 (D.D.C. 2011) (applying Rule 21 to sever inmate's FOIA claims from retaliation and constitutional claims brought against BOP prison staff). Plaintiff does not attempt to link the FOIA claim with his remaining claims, nor can this Court identify either a logical relationship or commonality of law or fact.

Even adopting a flexible test premised on an "impulse . . . toward entertaining the broadest possible scope of action[,]" *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the Court finds no basis, factual or otherwise, for allowing the preliminary injunction to be joined with Plaintiff's broader claims. *See Montgomery*, 532 F. Supp. 2d at 35; *Disparte*, 223 F.R.D. at 10–11; *accord Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974) (recognizing that "transaction" can include a series of occurrences "depending not so much upon the immediateness of their connection as upon their logical relationship") (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)). As such, the Court grants Defendant's request to sever the preliminary injunction and, based on its authority under Rule 21, *sua sponte* severs Plaintiff's Privacy Act claim. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may . . . sever

8

any claim against a party."); *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002) (recognizing that even if the requirements of Rule 20(a) could be met, the final decision to sever claims remains with the court).

## IV. TRANSFERRING PLAINTIFF'S CLAIMS

Plaintiff asserts jurisdiction pursuant to 5 U.S.C § 552 (FOIA), 5 U.S.C § 552a (Privacy Act), *Bivens*,[12] and venue pursuant to 28 U.S.C. § 1391(e).[13] *See* Pl.'s Corrected 2d Am. Compl. at 1, ECF No. 32. Plaintiff argues that "[v]enue for an injunction against agency defendants in their official capacity is permitted in any district in which 'a defendant in the action resides.'" Pl.'s Rep. Opp'n Prelim. Inj. at 3–4, ECF No. 107 (citing 28 U.S.C. § 1391(e)). Defendants maintain that venue is improper and request that the preliminary injunction be transferred to the District of Colorado. *See* Defs.' Opp. Prelim. Inj. at 8–9, ECF No. 105. For the reasons outlined below, the Court grants Defendant's request to transfer the preliminary injunction to the District of Colorado, and *sua sponte* transfers Plaintiff's Privacy Act claim, pursuant to 28 U.S.C. § 1404(a).[14] Although the Court would likewise be inclined to transfer Plaintiff's Constitutional claims, as discussed above, these claims will be retained by this Court because of a possible lack of personal jurisdiction over the individual Defendants in the transferee district. *See* 28 U.S.C. §

---

[12] 403 U.S. 388 (1971). *See* note 2, *supra*.

[13] The statute reads in relevant part: "A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . or (C) the plaintiff resides . . . ." 28 U.S.C. § 1391(e)(1)(A–C).

[14] The Court is cognizant of the filing restrictions imposed on Plaintiff by the District of Colorado for "abusive litigation conduct [and] . . . filing tactics[.]" *See* Defs.' Mem. Opp. Prelim. Inj. at 8 n.3, ECF No. 105; Exs. 9–10, ECF No. 105-10. We defer to the Court there on how it wishes to proceed with the transferred claims. *See also*, note 20, *infra*.

1404(a) ("[A] district court may transfer any civil action to any other district or division *where it might have been brought . . . .*") (emphasis added).

## A. Legal Standard

Regardless of whether venue is proper, courts retain discretion to transfer a claim to another district.[15] When venue is improper, section 1406 allows the court to transfer rather than dismiss a claim, if doing so would be in the interest of justice. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Alternatively, section 1404 permits transfer even when venue is proper, provided the court conducts an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citations omitted). Such broad discretion enables the preservation of judicial resources and guards against unnecessary inconvenience and expense to the parties. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26–27 (1960)); *accord Starnes v. McGuire*, 512 F.2d 918, 927 (D.C. Cir. 1974) (en banc) ("[T]he main purpose of section 1404(a) is to afford defendants protection where maintenance of the action in the plaintiff's choice of forum will make litigation oppressively expensive, inconvenient, difficult or harassing to defend.") (citation omitted).

In forming its decision, the Court must consider "factors other than those that bear solely on the parties' private ordering of their affairs . . . [such as] balanc[ing] the convenience of the witnesses and those public-interest factors of . . . integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Ricoh Corp.*, 487 U.S. at 30. This

---

[15] The authority to transfer is granted by statute, both for claims properly and improperly laid. *See, e.g.*, 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

involves an analysis of both the private interests of the parties and the public interests of the courts.[16] *See Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008) ("[I]f the balance of private and public interests favors a transfer of venue, then a court may order a transfer."). Although the Court retains broad discretion in weighing these interests, the plaintiff's choice of forum must also be given certain consideration. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see also Santos v. Trustees of Grinnell College*, 999 F. Supp. 2d 219, 223 (D.D.C. 2013) ("[W]eight given to a plaintiff's choice of forum is mitigated when it is not the plaintiff's home forum.") (citation omitted).

## B. Analysis

### 1. Preliminary Injunction and Privacy Act Claim

Plaintiff alleges that "BOP by and through its employees at FCI Talladega entered false information . . . to transfer Plaintiff to ADX Florence," and asks the Court to enjoin the "use of false information" and declare that "DOJ components failed to comply with the . . . Privacy Act." Pl.'s Corrected 2d Am. Compl. at 13, 16, ECF No. 32. Defendants respond by highlighting that courts in this jurisdiction have "expressly rejected the notion that inmates incarcerated in other jurisdiction[s] can challenge their conditions of confinement in this district simply because it is the location of the BOP," and request that the preliminary injunction be transferred to the District of Colorado. *See* Defs.' Opp. Prelim. Inj. at 8–9, ECF No. 105 (citation omitted).

---

[16] Private interest factors may include: the preferred forum of the parties; the location where the claim arose; convenience to parties; availability of witnesses; and access to evidence and other sources of proof. Alternatively, public interest considerations may include: knowledge or expertise of the governing law in the alternative forum; congestion in both courts; and local interests in deciding the controversy at home. *See Spaeth v. Michigan State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 57–58 (D.D.C. 2012) (citation omitted).

11

Venue[17] for Plaintiff's Privacy Act claim is proper in this district because the statute allows suits to be brought in any district where the plaintiff resides, where the records at issue are located, or the District of Columbia. *See* 5 U.S.C. § 552a(g)(5).[18] The fact that venue is proper in the District of Columbia does not, by itself, establish that the matter is most appropriately litigated here. *See Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) ("There is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia."). Rather, courts in this jurisdiction must carefully consider venue to guard against the danger that plaintiffs may manufacture venue simply by naming government officials or agencies as defendants. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993); *Simpson v. Fed. Bureau of Prisons*, 496 F. Supp. 2d 187, 193 (D.D.C. 2007). Thus, claims must allege more than a "bare assumption that policy decisions made in Washington might have affected" a Plaintiff's treatment in federal prison. *See Cameron*, 983 F.2d at 258; *Starnes*, 512 F.2d at 923 (transferring "discourage[s] duplicative litigation and will relieve the D.C. courts of the unnecessarily onerous task of deciding cases brought 'by a prisoner incarcerated far away . . . based on events alleged to have taken place in distant parts of the country.'" (citation omitted)).

---

[17] Typically, questions of personal jurisdiction are determined prior to venue, although in certain circumstances "sound prudential justification" may allow the court to consider venue without first deciding personal jurisdiction. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction . . . is typically decided in advance of venue . . . [but] when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order . . . ."); *see also Cameron*, 983 F.2d at 257 (transferring a claim to a proper venue without deciding personal jurisdiction because doing so was in the "interest of justice").

[18] The statute reads in relevant part: "An action to enforce any liability created under this section may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia . . . ." 5 U.S.C. § 552a(g)(5).

12

Instead, suits involving federal prisoners may be transferred pursuant to § 1404(a) after considering the location of incarceration, the whereabouts of relevant records and witnesses, and other convenience factors. *See*, *e.g.*, *Mathis v. Geo Grp., Inc.*, 535 F. Supp. 2d 83, 87–88 (D.D.C. 2008) (noting that the availability of witnesses is often the most critical consideration); *Galindo v. Gonzales*, 550 F. Supp. 2d 115, 117 (D.D.C. 2008) (transferring a case to another jurisdiction because the alleged illegal actions at issue continued to occur there); *accord Pickard v. Dept. of Justice*, 2011 WL 2199297, at *3 (N.D. Cal. June 7, 2011) (transferring a prisoner's Privacy Act claim to the district where the records at issue were located). Although such actions may be more conveniently litigated in the district where the prisoner is confined, transfer should not be made routinely and without consideration of particular circumstances.[19] *See Starnes*, 512 F.2d at 930–32; *cf. In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (noting that a prisoner's residence for the purpose of venue is the location of confinement).

Here, permitting venue simply because DOJ is headquartered in the District would ignore that virtually all alleged acts or omissions giving rise to Plaintiff's preliminary injunction and Privacy Act claims occurred largely in Alabama or Colorado. *See Galindo*, 550 F. Supp. 2d at 117; *Kirby v. Mercury Sav. & Loan Ass'n*, 755 F.Supp. 445, 448 (D.D.C. 1990) (transferring *sua sponte* a case that had "virtually nothing to do with th[e] jurisdiction"). Furthermore, because Plaintiff has been restricted from bringing actions in other jurisdictions,[20] he has even more

---

[19] In determining whether transfer is appropriate, a court should consider: (i) plaintiff's difficulty of communicating with counsel; (ii) the difficulty of transferring the prisoner; (iii) availability of witnesses and files; (iv) the location of the plaintiff's immediate custodian; and (v) the speed of final resolution. *See Starnes*, 512 F.2d at 930–32.

[20] In addition to the fact that Plaintiff was barred from bringing further actions *in forma pauperis* under the "three strikes" provision of the Prisoner Litigation Reform Act, which bars further claims after three were dismissed for being frivolous, malicious, or failing to state a claim, *see* 28 U.S.C. § 1915(g); *Pinson v. Fed. Bureau of Prisons*, 2012 WL 3872014, at *1 (W.D. Okla. Sept.

powerful incentives to manufacture venue in this district. Therefore, given that Plaintiff is currently incarcerated in Colorado, a large portion of the records and witnesses at issue are located in the state, and finally, because of possible transportation difficulties, Plaintiff's Privacy Act and preliminary injunction would be more appropriately litigated in the District of Colorado.

### 2. *Bivens* claims

Plaintiff also brings Constitutional claims against Defendants Dignam and Samuel in their individual capacities pursuant to *Bivens*,[21] whereby the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) (discussing *Bivens*, 403 U.S. 388 (1971)); *see also Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) ("It is well established that *Bivens* remedies do not exist against officials sued in their official capacities.") (citation omitted). Because *Bivens* actions are for damages for which a defendant is personally liable, a court must have personal jurisdiction over individual defendants in order to bind them to judgment.[22] *See Cornish v. United States*, 885 F. Supp. 2d 198, 205 (D.D.C. 2012). The District of Columbia's long-arm statute, however, allows the Court to exercise "general jurisdiction over any person who 'maintain[s] his or its principal place of business' in the District[,]" thereby granting personal jurisdiction over a federal employee with an office located

---

6, 2012), appeal dismissed (Oct. 29, 2012), the District of Colorado has imposed additional restrictions due to Plaintiff's abusive litigation conduct and filing tactics. *See* note 14, *supra*.

[21] 403 U.S. 388. *See* note 2, *supra*.

[22] Plaintiff asserts venue for his *Bivens* claims based on 28 U.S.C. § 1391(e), which permits suits against government agencies or officers acting in their official capacity to be brought in any district in which a named defendant resides; however, section 1391(e) is inapplicable for *Bivens* actions. *See Cameron v. Thornburgh*, 983 F.2d 253, 256, 257 n.2. (D.C. Cir. 1993) (citing *Stafford v. Briggs*, 444 U.S. 527, 542–43 (1980)). Plaintiff does not assert venue under 28 U.S.C. § 1391(b), the general venue statute applicable for *Bivens* actions. *See Coltrane v. Lappin*, 885 F. Supp. 2d 228, 233 (D.D.C. 2012) (citation omitted).

here. *See Cameron*, 983 F.2d at 258 n.4 (citing D.C. CODE § 13–422 (2012)); *Baez v. Connelly*, 734 F. Supp. 2d 54, 56–57 (D.D.C. 2010). Accepting the facts pled in the complaint as true for the purposes of this motion,[23] Defendants Samuels and Dignam allegedly directed a pattern of illegal retaliation from the District of Columbia, thereby suggesting that a substantial part of the events giving rise to Plaintiff's claims occurred here.

Although the Court is inclined to transfer Plaintiff's *Bivens* claims given that Plaintiff is currently incarcerated in Colorado and a portion of the records and witnesses at issue are located in the state, *see Metcalf v. Federal Bureau of Prisons*, 530 F. Supp. 2d 131, 135 (D.D.C. 2008) ("Given the likelihood that witnesses and relevant evidence are maintained [in another jurisdiction], . . . [transfer] is both convenient for the parties and is in the interest of justice.") (citing *Starnes v. McGuire*, 512 F.2d 918, 930–31 (D.C. Cir. 1974)), the Court is hesitant to do so because the transferee district might assert that it lacks personal jurisdiction over the individual Defendants, and because other relevant records and witnesses may be located in Alabama, rather than Colorado. *See* 28 U.S.C. § 1404(a) ("[A] district court may transfer any civil action to any other district or division *where it might have been brought* . . . .") (emphasis added); *Hoffman v. Blaski*, 363 U.S. 335, 368–69 (1960) (acknowledging the competence of District Courts to administer section 1404(a) in the spirit of "actual convenience" to parties); *In re Scott*, 709 F.2d 717, 721 (D.C. Cir. 1983) ("[P]ower to transfer a case . . . must be coupled with an adequately reasoned, even-handed basis for transfer[ing]."). As such, Plaintiff's *Bivens*

---

[23] The Court acknowledges that although complaints should provide "more than a sheer possibility that a defendant has acted unlawfully[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) a "*pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings[.]'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). Because the merits of Plaintiff's *Bivens* claims are not the focus here, the Court will not consider whether the complaint states a plausible claim.

15

claims will remain before this Court.  *See Zakiya v. United States*, 267 F.Supp.2d 47, 60 (D.D.C. 2003) (determining that a case should be brought in the jurisdiction where plaintiff could properly assert claims against defendants in their individual capacities).

## VI. CONCLUSION

In conclusion, the Court hereby denies Defendant DOJ's request to dismiss the preliminary injunction; however, the Court grants Defendant's request to sever the preliminary injunction and *sua sponte* severs Plaintiff's Privacy Act claim, transferring both to the United States District Court for the District of Colorado.  Plaintiff's FOIA and *Bivens* action claims will remain before this Court.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 21, 2014                                                                    RUDOLPH CONTRERAS
                                                                                                              United States District Judge